Dear Dr. Mustoe:
This opinion is in response to your question asking:
 Does section 169.040.2 RSMo under which The Public School Retirement System of Missouri operates permit an investment procedure known as "securities lending", in which the retirement system would lend its securities to selected firms of its choice in the investment industry, in return for collateral in the form of either cash or securities equivalent in market value to more than the market value of the loaned securities at the time of the loan, with provision for the periodic adjustment of such collateral in relation to subsequent changes in market value in the securities loaned?
Your opinion request describes securities lending as follows:
 Investment houses frequently trade in securities which they do not physically possess at the time of trade. In order to close sales and deliver the securities, those houses "borrow" the securities from other owners who do not wish to sell the securities, later replacing them with like securities purchased from other sources. During the period that the borrowed security is not in the possession of the lender-owner, the borrower pledges to the lender in either cash or negotiable securities collateral of like market value, and adjusts the collateral as changes in market value occur. The lender then receives income from earnings on the collateral during the time the securities are borrowed, in addition to that being earned in the interim on the securities loaned which continues to accrue to the lender. Thus, the lender receives income not only from the original security loaned, but also on the collateral pledged to secure the security loaned.
The statutory provision applicable to the investment of funds of The Public School Retirement System of Missouri, Section 169.040.2, RSMo 1986, provides:
 169.040. Funds of retirement system — how invested — custodian selected by the board — manner of making payment to be authorized by the board.
* * *
 2. The board shall invest all funds under its control which are in excess of a safe operating balance. The funds shall be invested only in the following types of investments:
 (1) Bonds or other obligations of the United States;
 (2) Bonds guaranteed by the United States;
 (3) Tenant-purchase loans which are secured by fully insured mortgages as provided for in the act of Congress known as the "Farmers Home Administration Act of 1946" as amended (7 U.S.C.A. § 1001
et seq.);
 (4) Bonds or notes secured by mortgages or deeds of trust guaranteed or insured by the Federal Housing Administrator, or debentures issued by such administrator, under the terms of an act of Congress of the United States of June 27, 1934, entitled the "National Housing Act" as heretofore or hereafter amended (12 U.S.C.A. § 1701 et seq.);
(5) Bonds of the state of Missouri;
 (6) Bonds of a city, county or school district of the state of Missouri;
 (7) Accounts of any savings and loan association chartered by the United States of America or any state which are insured by the Federal Savings and Loan Insurance Corporation;
 (8) Any investments as permitted by laws of Missouri relating to the investment of the capital, reserve and surplus funds of life insurance companies or casualty insurance companies organized under the laws of Missouri;
 (9) Any other investment which a prudent person acting in a like capacity and familiar with these matters would use in the conduct of an enterprise of a like character and with like aims. [Emphasis added.]
Subsection 2(9) was added to Section 169.040 in 1984 by House Committee Substitute for Senate Bill No. 407, 82nd General Assembly, Second Regular Session (Laws of Missouri, 1984, page 449).
Referring again to the statement of facts provided with your opinion request, you state:
 There does not appear to be any substantial risk involved in securities lending for the lender, as long as the lending is done judiciously and selectively under adequate collateral arrangements. Securities lending has been conducted within the investment industry for a number of years, and no reported loss caused by securities lending has yet been incurred by a lender.
Since the system of securities lending calls for collateral, either in the form of cash or negotiable securities, delivered to the lender of equal or greater value than the securities loaned, there is little possibility of loss to the lender. There is a definite gain of income to the lender, The Public School Retirement System of Missouri. This appears to be a completely secured transaction which conforms to the "prudent person" standard of Section 169.040.2(9). The "prudent man rule" is defined in Withers v. Teachers' Retirement System ofCity of New York, 447 F. Supp. 1248, 1254 (1978) as follows:
 . . . The classic statement of the "prudent man rule" in New York is that "the trustee is bound to employ such diligence and such prudence in the care and management [of the fund], as, in general, prudent men of discretion and intelligence in such matters, employ in their own like affairs." King v. Talbot, 40 N.Y. 76, 85-86 (N.Y. Ct. of Appeals 1869) . . . .
Enclosed herein is a copy of Missouri Attorney General Opinion No. 7, Hackwood, 1982; a copy of Missouri Attorney General Opinion No. 92, Bierdeman-Fike, 1980; and a copy of Missouri Attorney General Opinion No. 39, Hemphill, 1961. These opinions discuss the prudent man rule as it applies to the Missouri State Employees' Retirement System. Because "securities lending" such as presented in your opinion request conforms to the prudent person standard of Section 169.040.2(9), we conclude The Public School Retirement System of Missouri is authorized to engage in securities lending.
In Missouri Attorney General Opinion No. 10, Black, 1978, this office concluded The Public School Retirement System of Missouri was not allowed to engage in securities lending. This opinion was prior to the 1984 amendment to Section 169.040 which added subsection 2(9). Because of the 1984 amendment to Section169.040, we are withdrawing Opinion No. 10, Black, 1978.
CONCLUSION
It is the opinion of this office that The Public School Retirement System of Missouri is authorized by Section169.040.2(9), RSMo 1986, to engage in an investment procedure known as "securities lending."
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion No. 7, Hackwood, 1982 Opinion No. 92, Bierdeman-Fike, 1980 Opinion No. 39, Hemphill, 1961